DOCKET NO. 357

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER NEAR READING, PENNSYLVANIA ON APRIL 9, 1977

ORDER

On August 10, 1978, Hagerstown Cash Register, Inc. (HCR) and Southern Pennsylvania Bank and Gladys Lauretta Pollock Co-Executors of the Estate of Robert H. Pollock (Bank) moved the Panel, pursuant to 28 U.S.C. §1407, to transfer two actions pending in the District of New Jersey to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with three actions already pending in that district. On August 25, 1978, Merle Williams, plaintiff in one of the Eastern District of Pennsylvania actions, joined in this motion.

On October 4, 1978, HCR and the Bank moved the Panel for leave to withdraw their motion for transfer in this litigation. In a letter filed on that same day, plaintiff Williams requested that, should the Panel grant the motion for leave to withdraw the motion for transfer filed by HCR and the Bank, his August 25, 1978 joinder be considered the original motion for Section 1407 transfer. The Panel having fully considered this matter on the basis of the papers submitted,

IT IS ORDERED that HCR and the Bank be, and they hereby are, allowed to withdraw as movants for Section 1407 transfer, and that plaintiff Williams be, and he hereby is, substituted as the original movant for transfer under Section 1407.

IT IS FURTHER ORDERED that any party in this litigation may submit for filing with the Panel, on or before October 16, 1978, any further pleading which that party deems appropriate.

FOR THE PANEL:

John Minor Wisdom
Chairman

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

NOV -8 1978

Docket No. 357 -- In re Air Crash Disaster near Reading,
Pennsylvania on April 9, 1977

ORDER DENYING TRANSFER

Upon consideration of the papers submitted to the Panel,[1/] we find that transfer, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings in the actions listed on the attached Schedule A would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation.

IT IS THEREFORE ORDERED that the motion to transfer the actions on Schedule A be, and the same hereby is, DENIED.

FOR THE PANEL:

John Minor Wisdom
Chairman

---

1/ The parties in this litigation either waived their right to oral argument or were not present when this matter was called at the Panel's November 1, 1978 hearing. Accordingly, the question of transfer of this litigation was submitted for decision on the briefs. See Rule 14, R.P.J.P.M.L., 78 F.R.D. 561, 572 (1978).

SCHEDULE A                                                          MDL-357

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Edith Olden, etc. v. Hagerstown Cash Register, Inc. | Civil Action No. 77-1937 |
| Anthony Chiofalo, etc. v. Hagerstown Cash Register, Inc. | Civil Action No. 78-0717 |

### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Merle Williams, etc. v. Southern Pennsylvania Bank and Lauretta H. Pollock, etc. and Hagerstown Cash Register, Inc. | Civil Action No. 77-3953 |
| Southern Pennsylvania Bank, Gladys Lauretta Pollock, etc. v. Altair Airlines, Inc. | Civil Action No. 78-7 |
| Hagerstown Cash Register, Inc. v. Altair Airlines, Inc. | Civil Action No. 78-2314 |